UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROB IWANSKI and LISA MCGREGOR,**

      **Plaintiffs,**

v.                                           Case No:   6:18-cv-2045-Orl-22EJK

**GENCOR INDUSTRIES, INC.,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on the Joint Motion for Approval of Proposed Settlement with Plaintiff Rob Iwanski ("the Motion") (Doc. 32), filed April 13, 2020. Upon consideration, I respectfully recommend that the Motion be granted.

### I.   BACKGROUND

In November 2018, Plaintiffs, Rob Iwanski and Lisa McGregor, initiated this action against Defendant, Gencor Industries, Inc. (Doc. 1). Plaintiffs' operative Second Amended Complaint (Doc. 21) alleges that Plaintiff Iwanski was employed by Defendant as a parts-sales agent from March 5, 2014, through his termination on April 9, 2018. (Doc. 21, ¶¶ 19, 22.) Defendant manufactures asphalt plants, soil remediation plants, combustion systems, and heat transfer systems, supplying them to the road and highway construction industry. (*Id.* ¶ 8.)

Iwanski alleges that he was responsible for all on-call shifts on nights and weekends for a period of nine months, until Defendant hired co-Plaintiff, McGregor. (*Id.* ¶¶ 20-21.) Iwanski asserts that regardless of the hours he worked, his salary remained consistent week to week. (*Id.* ¶ 42.) Iwanski claims he was non-exempt from overtime payment under the FLSA. (*Id.* ¶ 45.) Defendant disagrees. (Doc. 22.)

The Second Amended Complaint asserts the following claims: (1) violation of the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219 (2018) brought by both Plaintiffs (Count I); (2) retaliation against McGregor pursuant to the FLSA (Count II); and (3) violation of the Equal Pay Act against Iwanski pursuant to the FLSA (Count III). (Doc. 21.) Because Iwanski is the only settling Plaintiff here, only Counts I and III are relevant at this time. Iwanski and Defendant have negotiated a compromise and settlement of Iwanski's claims and have filed a motion for approval of their settlement agreement, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). (Doc. 32.)

## II.    STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies

it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

The parties seek judicial review and a determination that their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–

51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[1]

### III. DISCUSSION

#### A. Settlement Sum

According to the Agreement (Doc. 32 at 9–20), Defendant has agreed to pay Iwanski a total amount of $62,500.00, comprising $31,250.00 in wage compensation and $31,250.00 in liquidated damages. (Doc. 32, ¶ 1.A, B.). In his answers to the Court's interrogatories, Iwanski originally claimed overtime compensation of approximately $138,749.49. (Doc. 23 at 4.) Because Iwanski will receive less than the amount to which he claimed he was entitled under the FLSA, he has compromised his claims within the meaning of *Lynn's Food*, 679 F.2d at 1354–55.

Under 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid minimum wage and unpaid overtime compensation plus an additional, equal amount, as liquidated damages. Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee … affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation … and in an additional equal amount as liquidated damages.").

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981 are binding on the Eleventh Circuit).

On review, I find the amount Iwanski has agreed to accept in satisfaction of his wage claim to be fair and reasonable, considering that both parties are represented by counsel and wish to avoid the risk and expense of further litigation. Defendant has vigorously defended this claim, asserting a number of affirmative defenses, including: (1) Bona Fide Exempt Administrative Employee; (2) fluctuating workweek; (3) good faith; (4) de minimis activities; (5) statute of limitations; (6) payment in full; and (7) recovery limited to statutory relief. (Doc. 22.) With respect to the EPA claim in Count III, Defendant asserted that any differences in pay between Iwanski and any similarly situated employee was based upon legitimate, nondiscriminatory business reasons including, but not limited to, a merit system, a system which measures earnings by quantity and/or quality of production, and factors other than sex. (*Id.*)

According to the parties, the primary issue in dispute was Iwanski's claim that he was denied overtime payments when he worked "on call" periods during evenings and weekends. (Doc. 32 at 3.) Iwanski was paid a salary plus bonuses, leading the parties to heavily litigate this issue. The parties exchanged work records, emails, and Iwanski's pay information, among other documents. As to the EPA claim, Defendant provided Iwanski with records related to the comparator upon which Iwanski was relying to show, among other things, the comparator's background, education and experience compared to Iwanski, the market conditions at the time of the comparator's hire, the comparator's rate of pay in her prior job as listed on her job application with Defendant, and other information supporting Defendant's defense that the comparator's rate of pay was determined by factors other than sex. (*Id.* at 4.) Ultimately, Iwanski and Defendant were able to resolve his claims, and Iwanski now acknowledges that no additional wages to him are due. (*Id.* at 4–5.) Given this information, I find that the settlement sum represents a fair resolution of a *bona fide* dispute between the parties and that Iwanski has not unfairly

compromised his claims.

### B. Attorney's Fees

Iwanksi's attorneys will receive a total of $20,000 for fees and costs for their representation of Iwanski. (Doc. 32, ¶¶ 1.C.) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." As the parties represent that this amount was negotiated separately from the amount received by Iwanski and the settlement is otherwise reasonable on its face, further review is not required. (Doc. 32 at 5); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.").

### C. Release

In return for payment, Iwanski has agreed to the following release:

> With the exception of the obligations arising under this Agreement, Iwanski hereby irrevocably and unconditionally releases, remises, acquits, satisfies, and forever discharges Gencor (all references to Gencor in this paragraph and paragraphs 2 and 5 shall include: Gencor, Inc. and with respect to the claims asserted in the Lawsuit shall include any employer of Iwanski as defined by defined by 29 U.S.C. § 203, the FLSA or the EPA and applicable case law) of and from any and all claims, demands, liabilities, debts, judgments, damages, causes of action, obligations, expenses, administrative actions, or suits of any kind, including without limitation any claims for attorneys' fees and costs, **in any manner arising from or related to:** any claims asserted in the Lawsuit; any claims for wages; claims under the Equal Pay Act (29 U.S.C. § 206(d)), claims under Chapter 448, Fla. Stat.; claims under the Florida Minimum Wage Act; claims under Section 24, Article X of the Florida Constitution; claims for alleged unpaid wages or overtime wages pursuant to the FLSA; representative actions under 29 U.S.C. § 216 of the FLSA; claims related to the record keeping requirements pursuant to the FLSA, notice posting requirements pursuant to the FLSA; claims for liquidated damages or attorneys' fees pursuant to the FLSA or Chapter 448, Fla. Stat.; claims of alleged

>> retaliation pursuant to 29 U.S.C. § 215(a)(3) of the FLSA (collectively, "Claims").

(Doc. 32 at 10–11.)

General releases in FLSA cases are frequently viewed as "a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee" and therefore, such releases "confer[] an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno*, 729 F. Supp. 2d at 1351–52 (footnote omitted). As such, "[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny." *Id.* at 1352.

Judges in this District have found similar releases to pass judicial scrutiny because, as here, they do not require Iwanski to release unknown claims that are *unrelated* to his wage claim in this case, and the release is limited only to Defendant. *Dreasher v. Paul E. Walsh Trucking, Inc.*, No. 6:17-cv-1288-Orl-41TBS, 2018 WL 1040000, at *4 (M.D. Fla. Jan. 24, 2018), *report and recommendation adopted as modified*, 2018 WL 1010844 (M.D. Fla. Feb. 22, 2018); *Adams v. Daytona Resort Grp., Inc.*, No. 6:17-cv-1287-Orl-40KRS, 2017 WL 5499785, at *3 (M.D. Fla. Oct. 27, 2017) *report and recommendation adopted*, 2017 WL 5444436 (M.D. Fla. Nov. 14, 2017). Therefore, I recommend that the Court find that the release is narrowly tailored enough to pass judicial scrutiny.

### IV. RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Joint Motion for Approval of Proposed Settlement with Plaintiff Rob Iwanski (Doc. 32);

2. **APPROVE** the Settlement Agreement (Doc. 32 at 9–20); and

3. **DISMISS WITH PREJUDICE** Count I, as to Plaintiff Rob Iwanski only, and Count III of the Second Amended Complaint.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.**

Recommended in Orlando, Florida on June 2, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record